UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JESUS GONZALEZ

      Plaintiff,

v.

DEN VIRGINIA GARDENS LLC,
d/b/a Denny's #7467, and NNN REIT, LP.

      Defendants.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff, Jesus Gonzalez, by and through the undersigned counsel, hereby sues Defendants, Den Virginia Gardens, LLC, d/b/a Denny's #7467, and NNN REIT, LP, for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Plaintiff, Jesus Gonzalez ("Plaintiff") is an individual with disabilities as defined by the ADA, and a resident of Miami-Dade County, Florida, and otherwise *sui juris*.

4. Defendants are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

## PARTIES

5. Plaintiff, Jesus Gonzalez ("Plaintiff") is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 U.S.C. §12102(1)(A)(2), 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).

6. Plaintiff is also an advocate of the rights of similarly situated disabled persons, and a "tester" for the purpose of asserting his civil right, and to determine whether public accommodations are following the ADA/ADAAG.

7. Defendant, Den Virginia Gardens, LLC, is Florida limited liability company authorized to and doing business within the state of Florida, which upon information and belief is the owner and operator of the restaurant "Denny's #7467" located at, 5825 NW 36th St, Virginia Gardens, FL 33166, and the subject to this action, and referred hereto as "Operator".

8. Defendant, NNN REIT, LP, is a Foreign limited partnership authorized to and doing business within the state of Florida, which upon information and belief is the owner and operator of the commercial real property identified as Folio: 26-3025-001-0090, with post address of 5825 NW 36th St, Virginia Gardens, FL 33166, which houses the restaurant "Denny's #7467", and referred hereto as "Owner,".

9. This Court has personal jurisdiction over Defendant, NNN REIT, LP pursuant to, inter alia, Florida's long arm statute F.S. § 48.193, in that Defendant: (a) operates,

conducts, engages in, and/or carries on a business or business ventures (s) in Florida and/or has an office or agency in Florida; (b) has committed one or more tortious acts within Florida; (c) was and/or is engaged in substantial and not isolated activity within Florida; and/or (d) has purposely availed itself of Florida's laws, services and/or benefits and therefore should reasonably anticipate being hailed into one or more of the courts within the State of Florida.

**FACTS**

10. Defendant, Den Virginia Gardens, LLC, is the owner and operator of the restaurant "Denny's #7467", located within this district and open to the public. As such, it is a Place of Public Accommodation subject to the requirements of Title III of the ADA and it's implementing regulation as defined by 42 U.S.C. §12181(7), §12182, and 28 C.F.R. §36.104.

11. At all times material hereto, Defendant, NNN REIT, LP, has leased its commercial property to Defendant, Den Virginia Gardens, LLC, who in turn has operated (and continues to operate) its restaurant "Denny's #7467" within that leased space.

12. As the owner/operator of a restaurant open to the public, Defendant, Den Virginia Gardens, LLC, is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates a restaurant; 42 U.S.C. §12182, §12181(7) and 28 C.F.R. §36.104.

13. On March 9, 2025, Plaintiff personally visited "Denny's #7467", to inquire and/or use of their services, and to test for compliance with the ADA/ADAAG, but because he perambulates with the assistance of a wheelchair, Plaintiff was denied full and equal access, and enjoyment of the facilities, services, goods, and amenities, because of the architectural barriers met at the Subject Property

14. Based on the access impediments Plaintiff encountered, Plaintiff has been denied full and equal access by the operator Defendant, Den Virginia Gardens, LLC, and by the owner of the commercial property, Defendant, NNN REIT, LP, which houses "Denny's #7467".

15. As the owner and operator of a restaurant. Defendant, Den Virginia Gardens, LLC, is aware of the ADA and the need to provide equal access to all areas of its facilities. Therefore, its failure to reasonably accommodate mobility impaired and disabled patrons by ensuring that its facility is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the civil rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

16. As the owner of commercial property which built out and utilized as restaurant an establishment that provides goods/services to the general public, Defendant, NNN REIT, LP, is also defined as a "Public Accommodation" within meaning of Title III; 42 U.S.C. §12182, §12181(7) and 28 C.F.R. §36.104.

17. As the owner of commercial property, which is built as public accommodation, Defendant, NNN REIT, LP, is aware of the ADA and the need to provide for equal access in all areas of its commercial property which are open to the public. Failure to reasonably accommodate mobility impaired and disabled patrons by ensuring that its property is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

18. As a result of the joint and several discriminations by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

19. Plaintiff continues to desire to patronize and/or test "Denny's #7467", operated by Defendant, Den Virginia Gardens, LLC, and located at the commercial property owned by Defendant, NNN REIT, LP, but continues to be injured, in that he continues to be discriminated against due to the barriers to access within that restaurant which are in violation of the ADA.

20. All requisite notice has been provided.

21. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

22. The ADA was enacted and effective as of July 26, 1990, and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Over 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

23. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily basis by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

24. Prior to the filing of this lawsuit, Plaintiff personally visited "Denny's #7467" with the intention to use of their services, and/or test the public accommodation for compliance with the ADA/ADAAG; however, Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met barriers to access. Therefore, Plaintiff has suffered an injury in fact.

25. Defendants, Den Virginia Gardens, LLC, and NNN REIT, LP, have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and accommodations at the Subject Property in derogation of 42 U.S.C. §12101 *et seq.* and as prohibited by 42 U.S.C. §12182 *et seq.,* by failing to remove barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

26. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at "Denny's #7467".

27. Defendants are jointly and singularly governed by the ADA and must comply therewith. However, Defendants have discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

28. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

29. Defendants, Den Virginia Gardens, LLC and NNN REIT, LP, are in violation of 42 U.S.C. §12181 *et seq.,* the ADA and 28 C.F.R. §36.302 *et seq.,* and all Defendants, Defendant, Den Virginia Gardens, LLC, (operator) and Defendant, NNN REIT, LP (owner of the commercial property) (jointly and severally), are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

**Parking Lot & Accessible Route**

 i. There are accessible parking spaces and access aisles with faded striping that makes it impossible to differentiate the boundaries. The facility fails to maintain the accessible elements that area required to be readily accessible and usable by persons with disabilities, Violating sections 4.6.3, 36.211 of the ADAAG and Sections 502.3, 36.211, whose resolution is readily achievable.

 ii. The access aisle is not marked as per local laws or regulations. The spaces between blue and white. Advisory 502.3.3 Marking. The method and color of marking are not specified by these requirements but may be addressed by State or local laws or regulations. As per the FBC Fig. 9, FDOT Index # 17346, the space between the blue and white line is 2" and the access aisle is measure from the centerline of the white lines.

 iii. Accessible parking spaces do not provide the required width. These are violations of the requirements in Sections FBC§11-4.6 and Florida Code§502.2, whose resolution is readily achievable.

 iv. Accessible parking space is in a location where users are compelled to walk or wheel behind parked vehicles and spaces. These are violations of the requirements in Sections FBC§11-4.6.2(1) and Florida Code§502.3, whose resolution is readily achievable.

 v. The plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes between sections of the facility. These are violations of the requirements in Sections 4.3.2(2), 4.3, and 4.5 of the ADAAG and Sections 206.2.2, 303, 402 and 403, whose resolution is readily achievable.

 vi. The plaintiff had difficulty travel to the building from the accessible parking space. Violation: There is currently a change in level in the transition from the accessible parking access aisle to the sidewalk. Section 4.3.8, 4.7.4 of the ADAAG and Section 206.2, 403.4, 406 of the 2010 ADA Standards, whose resolution is readily achievable.

vii. The plaintiff had difficulty using the ramp, as the handrails are not compliant. Violation: The ramp extensions are mounted over a sloped surface not a level landing violating Section 4.8.5 of the ADAAG and Section 505.10.1 the 2010 ADA Standards, whose resolution is readily achievable.

viii. The plaintiff had difficulty travel to the building from the accessible parking space and public right-of-way as there are cross slopes in excess of 2% Violation: The path of travel contains excessive cross slopes in violation of Section 4.3.7 of the ADAAG and Section 403.3 of the 2010 ADA Standards, whose resolution is readily achievable.

ix. The plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes between sections of the facility. These are violations of the requirements in Sections 4.3.2(2), 4.3, and 4.5 of the ADAAG and Sections 206.2.2, 303, 402 and 403, whose resolution is readily achievable.

**Public Restroom – Men's Restroom – General Area**

x. The plaintiff had difficulty opening the door without assistance, as it does not have the required door pressure. Violation: Door has a non-compliant opening force. Section 4.13.11 of the ADAAG and 404.2.9 of the 2010 ADA Standards, whose resolution is readily achievable.

xi. The plaintiff had difficulty opening the door, as the sink is encroaching the maneuvering clearance on the door. Violation: Sink encroaches over the required maneuvering clearance on the pull side of the door. Sections 4.13.6 of the ADAAG, Sections 404.2.4 of the 2010 ADA Standards and section 28 CFR 36.211, whose resolution is readily achievable.

**Men's Accessible Restroom – Accessible Stall**

xii. The plaintiff had difficulty closing the stall door, as it is missing pull handles. Violation: Toilet compartment (stall) door does not provide pull handles on both sides of the door near the latch. Sections 4.27.4 of the ADAAG and Sections 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

xiii. The plaintiff had difficulty closing the stall door as the toilet compartment (stall) door does not provide self-closing hinges. Sections 4.17.5 of the ADAAG and Sections 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

xiv. The plaintiff had difficulty opening the stall door, as the trash bin is encroaching the maneuvering clearance on the door. Violation: Trash bin encroaches over the required maneuvering clearance on the pull side of the door. Sections 4.13.6 of the ADAAG,

**Gonzalez v. Den Virginia Gardens**
**Complaint for Injunctive Relive**

      Sections 404.2.4 of the 2010 ADA Standards and section 28 CFR 36.211, whose resolution is readily achievable.

xv. The plaintiff could not use the toilet tissue dispenser without assistance, as it is mounted outside the required distance in front of the toilet. Violation: Toilet tissue dispenser is mounted at non-compliant distance in front of the water closet to the centerline of the dispenser. Sections 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

xvi. The plaintiff could not use the seat cover dispenser without assistance. It is mounted behind the water closet. Violation: The seat cover is mounted behind the water closet not proving the required clear floor space violating Section 4.2.5 of the ADAAG and Section 308.2.1 of the 2010 ADA Standards, whose resolution is readily achievable.

xvii. The plaintiff could not transfer to the toilet without assistance, as the side wall grab bar is mounted at a non-compliant distance from the rear wall. Violation: Water closet side wall grab bar is mounted at a non-compliant distance from the rear wall to the centerline of its outer flange. Sections 4.16.4 of the ADAAG and Sections 604.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

xviii. The plaintiff could not transfer to the toilet without assistance, as the rear wall grab bar is mounted at a non-compliant distance from the side wall. Violation: Water closet rear wall grab bar is mounted at a non-compliant distance from centerline of the water closet to the centerline of its inner flange. Sections 4.16.4 of the ADAAG and Sections 604.5.2 of the 2010 ADA Standards, whose resolution is readily achievable.

xix. The plaintiff could not transfer to the toilet without assistance, as the required clear floor space was not provided due the lavatory is encroaching. Violation: Lavatory is mounted at 42" from the water closet side wall not providing the required clear floor space. Section 604.3 of the 2010 ADA Standards, whose resolution is readily achievable.

xx. The plaintiff could not transfer to the toilet without assistance, as the rear wall grab bar does not have the required clearance. Violation: The hand dryer is mounted over the rear wall grab bar at the wrong height not providing the required clearance. Section 609.3 of the 2010 ADA Standards, whose resolution is readily achievable.

xxi. The plaintiff could not use the lavatory without assistance, as it is mounted too high. Violation: Lavatory is mounted over the required height to the top of the rim above the finished floor violation of the requirements in Section 4.19.2 of the ADAAG and Section 606.3 of the 2010 ADA Standards, whose resolution is readily achievable.

      **WHEREFORE,** Plaintiff, Jesus Gonzalez hereby demands judgment against

Defendants, Den Virginia Gardens, LLC, (lessee of the commercial property and operator of

the Denny's #7467 located therein) and NNN REIT, LP, (owner of the commercial property) and requests the following injunctive and declaratory relief:

a) The Court declare that Defendants have violated the ADA;

b) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c) The Court enter an Order requiring Defendants to alter the commercial property and the establishment located therein such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorney's fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Respectfully submitted this March 24, 2025.

By: */s/ J. Courtney Cunningham*
Juan Courtney Cunningham, Esq.
FBN: 628166
**J. COURTNEY CUNNINGHAM, PLLC.**
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone:  305-351-2014
cc@cunninghampllc.com
legal@cunninghampllc.com

*Counsel for Plaintiff*